IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMERSON TUCKER, )
)
         Plaintiff, )
)
v. ) No. 08 C 684
)
DETECTIVE JOHN CLIMACK, et al., )
)
         Defendants. )

MEMORANDUM ORDER

On March 18, 2008 this Court received in chambers a letter from Emerson Tucker ("Tucker") that was framed as a "Letter-Motion for Leave to file Motions pursuant to Fed. R. Civ. P. 15(a)(b)(c), 59 and 60(b)."[1] Because that document was received 14 days after this Court's March 4 dismissal of Tucker's pro se Complaint, the interaction of Rules 6(a) and 59(e) has qualified the motion as a timely motion under the latter rule, and accordingly this Court (1) orders that the current motion be filed and (2) will treat the motion in Rule 59(e) terms.[2]

There is no need to deal with Tucker's initial discussion in his motion, which identifies at some length the standards for evaluating complaints such as his—standards that this Court properly followed in its March 4 dismissal. In that respect, what this Court had originally done was to issue a February 4,

---

[1] [Footnote by this Court] All further references to those rules will simply take the form "Rule --."

[2] That treatment takes Rule 60(b) out of play. As for Rule 15, it is also inapplicable here, although for a different reason addressed later in this memorandum order.

2008 memorandum order that simply gave Tucker the opportunity to obtain the personal property that had followed him when he was extradited from New York City to Chicago in January but had not yet been delivered to him at that time. According to the Complaint, all of the property was then being held at the Chicago Police precinct at 1151 West Harrison Street, Chicago, so that it appeared that some minimal effort by Tucker's lawyer would obtain the relief that Tucker sought without the need for any court intervention.

But instead of reporting (as this Court had requested) as to his success or failure in obtaining delivery of the property, Tucker wholly failed to communicate with this Court for a full month. That total silence on Tucker's part was what led to the March 4 dismissal of this action for want of prosecution.

Now Tucker reports that his Chicago lawyer in his pending criminal case had indeed obtained Tucker's property back on February 21 (although, as stated in the preceding paragraph, Tucker had never reported that to this Court as he was supposed to do). That receipt of his property (which included some legal materials) rendered Tucker's Complaint moot--and moreover, any delay involved in such receipt did not unconstitutionally deprive Tucker of access to the courts within the principles established by Bounds v. Smith, 430 U.S. 817 (1977) and the Seventh Circuit cases applying Bounds. Hence this Court's dismissal of Tucker's

2

original action was proper, and his current Rule 59(e) motion on that score is denied.

Tucker's motion then goes on to ask that this Court "grant him leave to file an amended complaint and give him between 60 to 90 days to submit the same because of he are now still preparing another one that will not be complete until late April of 2008." But Tucker's ensuing recital of those anticipated claims makes it clear that his asserted constitutional deprivations are not at all <u>amendments</u> of his original claim, but are instead wholly discrete grievances. Neither Rule 59(e) nor Rule 15 permits the assertion of such brand new claims in an already-dismissed action. Accordingly that aspect of Tucker's motion is also denied, but this time without prejudice to his ability to file a new lawsuit as and when he is prepared to do so.[3]

                                                                          */s/ William D. Shadur*
                                              Milton I. Shadur
                                              Senior United States District Judge

Date:  March 24, 2008

---

[3] This Court of course expresses no opinion either way as to (1) the viability or nonviability of any of the asserted grievances that Tucker has described in his current motion or (2) any prerequisites to the assertion of those grievances. But in the latter respect, Tucker must be mindful of his obligation to comply with the requirements of 28 U.S.C. §1915 if he hopes to proceed without prepayment of the entire $350 filing fee on an in forma pauperis basis (a matter on which this Court had cut him some slack on this lawsuit, because it seemed so likely to be resolved quickly without the need for any court involvement--as in fact happened).