

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMERSON TUCKER,  )
 )
      Plaintiff,  )
 )
v.  ) No. 08 C 684
 )
DETECTIVE JOHN CLIMACK, et al.,  )
 )
      Defendants.  )

## MEMORANDUM ORDER

Emerson Tucker ("Tucker") has filed a Notice of Appeal from this Court's dismissal of his pro se action, purportedly brought under the auspices of 42 U.S.C. § 1983 ("Section 1983"),[1] and has coupled his notice with an In Forma Pauperis Application ("Application") and a printout of transactions in his trust fund account at the Cook County Department of Corrections ("County Jail") for the period from January 14, 2008 through April 7, 2008.[2] Although this Court "had cut him some slack" (see

---

[1] Tucker's grievance stemmed from the fact that his personal property that had followed him when he was extradited from New York City to Chicago in January 2008 had been delivered to and was being held at the Chicago Police Precinct at 1151 W. Harrison Street, Chicago, "so that it appeared some minimal effort by Tucker's lawyer would obtain the release that Tucker sought without the need for any court intervention" (the quoted language is from this Court's March 24, 2008 memorandum order). And, indeed, that minimal effort quickly proved successful. For a full understanding, the March 24 order and this Court's two predecessor orders (dated February 4 and March 4) are attached as exhibits to this memorandum order.

[2] Although the last date on the printout was April 3, the Certificate by the trust fund officer (part of the application) was dated April 7.

March 24 order n.3) by not mulcting Tucker for the $350 filing fee under 28 U.S.C. § 1915 ("Section 1915") because his Complaint so plainly posed no arguable Section 1983 claim against his targeted defendants, it appears that granting such leeway was another example of no good deed going unpunished. But with Tucker now having launched an appeal, this Court is obliged to address the Application in terms of the requirements of Section 1915.

Unfortunately the printout that Tucker has attached to the Application does not suffice for that purpose. Section 1915(a)(2) requires that the trust fund account cover "the 6-month period immediately preceding the filing of the notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined" (emphasis added). Because Tucker was in custody in New York before he was transferred to Illinois, he must obtain and submit a printout from the custodial institution there for the period beginning October 15, 2007 and ending with the date of transfer. In addition, the printout from the County Jail must be updated to cover the time of his Notice of Appeal, which his handwritten submission lists as April 17, 2008.

In summary, as Section 1915 15(b)(1) provides, Tucker will be liable for the entire $455 in appellate filing fees, although it will be payable in installments. To enable this Court to make

the necessary calculation, he is ordered to submit the trust fund printouts referred to here on or before May 10, 2008.

　　　　　　　　　　　／s／ Milton I. Shadur
　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　Senior United States District Judge

Dated:　　April 24, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMERSON TUCKER,                )
                               )
            Plaintiff,         )
                               )
     v.                        )     No. 08 C 684
                               )
DETECTIVE JOHN CLIMACK, et al., )
                               )
            Defendants.        )

## MEMORANDUM ORDER

On March 18, 2008 this Court received in chambers a letter from Emerson Tucker ("Tucker") that was framed as a "Letter-Motion for Leave to file Motions pursuant to Fed. R. Civ. P. 15(a)(b)(c), 59 and 60(b)."[1] Because that document was received 14 days after this Court's March 4 dismissal of Tucker's pro se Complaint, the interaction of Rules 6(a) and 59(e) has qualified the motion as a timely motion under the latter rule, and accordingly this Court (1) orders that the current motion be filed and (2) will treat the motion in Rule 59(e) terms.[2]

There is no need to deal with Tucker's initial discussion in his motion, which identifies at some length the standards for evaluating complaints such as his--standards that this Court properly followed in its March 4 dismissal. In that respect, what this Court had originally done was to issue a February 4,

---

[1] [Footnote by this Court] All further references to those rules will simply take the form "Rule --."

[2] That treatment takes Rule 60(b) out of play. As for Rule 15, it is also inapplicable here, although for a different reason addressed later in this memorandum order.

March 24, 2008 - p. 1

2008 memorandum order that simply gave Tucker the opportunity to obtain the personal property that had followed him when he was extradited from New York City to Chicago in January but had not yet been delivered to him at that time. According to the Complaint, all of the property was then being held at the Chicago Police precinct at 1151 West Harrison Street, Chicago, so that it appeared that some minimal effort by Tucker's lawyer would obtain the relief that Tucker sought without the need for any court intervention.

But instead of reporting (as this Court had requested) as to his success or failure in obtaining delivery of the property, Tucker wholly failed to communicate with this Court for a full month. That total silence on Tucker's part was what led to the March 4 dismissal of this action for want of prosecution.

Now Tucker reports that his Chicago lawyer in his pending criminal case had indeed obtained Tucker's property back on February 21 (although, as stated in the preceding paragraph, Tucker had never reported that to this Court as he was supposed to do). That receipt of his property (which included some legal materials) rendered Tucker's Complaint moot--and moreover, any delay involved in such receipt did not unconstitutionally deprive Tucker of access to the courts within the principles established by Bounds v. Smith, 430 U.S. 817 (1977) and the Seventh Circuit cases applying Bounds. Hence this Court's dismissal of Tucker's

original action was proper, and his current Rule 59(e) motion on that score is denied.

Tucker's motion then goes on to ask that this Court "grant him leave to file an amended complaint and give him between 60 to 90 days to submit the same because of he are now still preparing another one that will not be complete until late April of 2008." But Tucker's ensuing recital of those anticipated claims makes it clear that his asserted constitutional deprivations are not at all <u>amendments</u> of his original claim, but are instead wholly discrete grievances. Neither Rule 59(e) nor Rule 15 permits the assertion of such brand new claims in an already-dismissed action. Accordingly that aspect of Tucker's motion is also denied, but this time without prejudice to his ability to file a new lawsuit as and when he is prepared to do so.[3]

                                                          */s/ William D. Shadur*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: March 24, 2008

---

[3] This Court of course expresses no opinion either way as to (1) the viability or nonviability of any of the asserted grievances that Tucker has described in his current motion or (2) any prerequisites to the assertion of those grievances. But in the latter respect, Tucker must be mindful of his obligation to comply with the requirements of 28 U.S.C. §1915 if he hopes to proceed without prepayment of the entire $350 filing fee on an in forma pauperis basis (a matter on which this Court had cut him some slack on this lawsuit, because it seemed so likely to be resolved quickly without the need for any court involvement--as in fact happened).

IN THE UNITED STATES DISTRICT COURT
		FOR THE NORTHERN DISTRICT OF ILLINOIS
				EASTERN DIVISION

EMERSON TUCKER,                )
                               )
            Plaintiff,         )
                               )
    v.                         )    No. 08 C 684
                               )
DETECTIVE JOHN CLIMACK, et al.,)
                               )
            Defendants.        )

### MEMORANDUM ORDER

On February 4, 2008 this Court issued a brief memorandum order that identified some problems with the self-prepared Complaint filed by Emerson Tucker ("Tucker"), based on his having been extradited from New York City to Chicago in January of this year. Although fully a month has elapsed since then, nothing further has come from Tucker to follow up on any relief that might be needed from this Court.

Accordingly this action is dismissed for want of prosecution. Nonlawyer Tucker is advised that he has until March 18, 2008 to file an appropriate motion for reconsideration if he is in fact entitled to any relief, after which the standard for any possible reassertion of his claim becomes the more difficult one set out in Fed. R. Civ. P. 60(b).

                            _____
                            Milton I. Shadur
                            Senior United States District Judge

Date: March 4, 2008

March 4, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMERSON TUCKER, )
)
          Plaintiff, )
)
v. ) No. 08 C 684
)
DETECTIVE JOHN CLIMACK, et al., )
)
          Defendants. )

<u>MEMORANDUM ORDER</u>

Pro se plaintiff Emerson Tucker ("Tucker"), now being held as a pretrial detainee at the Cook County Department of Corrections, has filed a self-prepared hand-printed Complaint against a host of New York and Illinois defendants, stemming from the facts (1) that when he was extradited from New York City to Chicago last month a large amount of his personal property (most of it having to do with his legal matters) was mailed here rather than accompanying him on the plane and (2) that the property has not been delivered to him since his arrival here. According to Complaint ¶13, it is being held at the Chicago Police precinct at 3151 West Harrison Street here in Chicago. Both Complaint ¶¶13 and 14 refer to Chicago Police Detectives John Climack and Carlo as having said that the property will be held there until Tucker provides a court order from a Chicago judge calling for its release.

This Court is frankly at a loss to understand why this matter is being submitted in its present form at the present

Feb. 4, 2008 - p. 1

time. Although Complaint ¶6 identifies Tucker's New York lawyer Sean Maher as having stated that he will continue to represent Tucker pro bono until Tucker is assigned counsel here in Chicago, there is no indication as to why that has not yet taken place. And it sounds as though as soon as local counsel does undertake the representation, there should be no problem in getting the property released.

That being the case, it would certainly appear that the local defendants would not be subject to liability under 42 U.S.C. §1983 or any other potentially applicable federal statute, at a minimum under the doctrine of qualified immunity. And if such is indeed so, this action would either call for a dismissal as to the New York-based defendants as not being subject to personal jurisdiction here or, as Tucker has said in an accompanying submission that in part asks that he be provided an in forma pauperis form, the case could be transferred to the United States District Court in New York.

This Court will take no action toward dismissal of the case until it receives further input from Tucker as to his effort to obtain his papers in a straightforward way. At that point it will determine the most appropriate course of action.

                                              /s/ William D. Shadur
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: February 4, 2008