*MHW*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Emerson Tucker, #2008-0003014 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Detective John Climack, )<br>)<br>Defendant. ) | 08 C 684 |

## MEMORANDUM ORDER

Emerson Tucker ("Tucker") has just transmitted the attached letter to this Court, asking in the first instance for the issuance of an injunction pending the appeal that he has taken from this Court's order dismissing his pro se Complaint and this action. That request misunderstands both the role of the federal courts in general and the fact that Tucker's appeal has placed jurisdiction in the Court of Appeals rather than this District Court.

Moreover, Tucker's letter reconfirms that the relief that he sought in his lawsuit -- obtaining delivery of his personal materials that had been sent from New York City to Chicago as a result of his extradition -- was in fact accomplished on February 21 when his Chicago lawyer obtained that property. If any difficulty still exists as to the custody of that property as between Tucker's own lawyer and Tucker himself, that is for the state court system to deal with -- <u>not</u> through an injunction issued by a federal district court.

In summary, this Court believes that it no longer has jurisdiction over Tucker's case by reason of the pendency of his appeal. If he considers that some interim relief is in order, he should direct his request to the Court of Appeals.

_____
Milton I. Shadur
Senior United States District Judge

May 1, 2008

To: Hon. Milton I. Shadur,
   Senior United States District Judge
   United States Courthouse
   219 South Dearborn Street
   Chicago, Illinois 60604

**FILED**
4-30-2008
APR 30 2008 sn
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

From: Emerson Tucker, #2008-0003014 (Division 1-G-1)
   Cook County Jail
   P.O. Box 089002
   Chicago, Illinois 60608

Re: Emerson Tucker V. Detective John Climack, No. 08-C 684 et al

Date: May 1, 2008

Dear Honorable Judge Shadur,

   Please accept for filing this Letter-Motion in pursuant to Rule 65 of the Fed. R. Civ. P., that this Honorable Court issue an Order granting the plaintiff-Appellant an injunction pending this appeal, ordering that the Cook County Jail/Department of Corrections and its agent the Superintendent of it to permit his Chicago Lawyer LaFarell Moffett the right to bring his 93 pounds of personal legal Documents and other properties of his into this jail, in order so that he may be able to represent himself pro se on his appeal in the United States Court of Appeal

for the Seventh Circuit, and in another Federal civil Rights Lawsuit which he has recently filed in the (District of New Jersey). In addition, he needs his legal documents because of he have over 100 exhibits or documentary evidence for use in the (New Jersey Lawsuit), and he have some of his medical records there for which he will attach as exhibits and use in preparing another pro se Federal Civil Rights Complaint against Cook County Jail and its medical staff/Cermak Health Services; Dr. N. Ali, Dr. L. Carassquillo, Dr. Fowler, Nurse Moore and Nurse Reynolds for them all denying him medical treatment and medications for his serious medical needs.

    In this case, and on March 24, 2008 this Honorable Court had issued a memorandum order and stated on page number 2, at the last paragraph that "Now Tucker reports that his chicago lawyer in his pending criminal case had indeed obtained Tucker's property back on February 21 (although, as stated in the preceding paragraph, Tucker had never reported that to this court as he was supposed to do). That receipt of his property (which included some legal materials) rendered Tucker's Complaint Moot--and moreover, any delay involved in such receipt did not unconstitutionally

deprive by <u>Bounds v. Smith</u>, 430 U.S. 817 (1977) and the Seventh Circuit cases applying <u>Bounds</u>. Hence, this Court's dismissal of Tucker's original action was proper, and his current Rule 59(e) Motion on that score denied." Thus, the plaintiff submits that this Court had misstakenly believe that when his chicago Lawyer had retain his legal property back on Feb. 21, 2008, that he then failed to notified him as he was directed to do so. In fact, on March 4, 2008 was when the day that the plaintiff was told by his chicago Lawyer that he have gotting hold of his legal property which was after this court issued an Order dismissing his complaint. That on that same date of March 4, 2008, the plaintiff chicago Lawyer had written a letter to the Executive Director here in order to make arrangements with him to bring him his legal Documents (93 pounds) over to the jail for delivery to him. Since the plaintiff's counsel has written him that first letter about his legal documents, still it have been about three (3) months and he have still not receive that property and therefore this matter should not have been dismiss as "moot." Thereby, the plaintiff moves before this Honorable Court again, but this time for an injunction ordering that his legal Documents in particularly be

receive by the staff here and then return to him as soon as possible

Although the plaintiff's counsel Moffett has receive all of his property on February 21, 2008, and he written to staff here at Cook County Jail requesting for an arrangement with them to bring it here for him, still he has not yet as of the date of submitting this motion receive any of it. Therefore, this matter is not "moot" and the court had abused its discretion in denying his previous submitted motions. In closing, the plaintiff states that irreparable harm will occure to him that is if this Honorable Court will not issue this injunction, in that (1) he will not be able to represent himself effectively in Federal Court as a pro se litigant because of all his paperwork (legal documents) are in the hands of his counsel, but the Defendants will not let him bring it to him; (2) he are being handy-capped by the Defendants and its agents denying and/or not responsing to his counsel's request to be permitted to bring said legal documents here for him at Cook County Jail; and (3) he will probably not receive his legal documents until about a year or two (2) later from now in which would cause him to be denied

access to the federal court by them withholding the legal documents of his that he needs to submit there as exhibits and documentary evidence in order so that he may prove his case against the Defendants.

Respectively Submitted,

Emerson Tucker-Plaintiff
#2008-0003014/Division 1-G-1

Note: Plaintiff requests also that this Honorable Court too please issue an Order to the Clerk to send him a copy of his "Civil Cover Docket Sheet" along with a complete copy (Filed Stamp) of everything, including the exhibits which he has filed in this court thus far. Moreover, I request for a copy of this Court's "Local Rules" and that he be relieve of its charges for it because of he are a poor person in this matter. Thank you again.